## UNITED STATES v. C. G. BLAKE CO.

(Circuit Court of Appeals, Sixth Circuit. February 7, 1922.)

1. **Appeal and error** ⊜849(2)—**Review after oral waiver of jury is limited to whether findings support judgment.**

Where there was no written waiver of jury trial pursuant to Rev. St. § 649 (Comp. St. § 1587), so that the trial was not had pursuant to section 700 (section 1668), and special findings of fact and law were made by the judge, the inquiry on review is limited to whether the facts specially found support the judgment, and rulings as to evidence cannot be considered.

2. **War** ⊜14—**Finding held to support conclusion sale price measured just compensation.**

In an action for the value of coal requisitioned by the United States, a finding that plaintiff asked the same price of defendant that it received from others in the general market, which was less than the prevailing market price, supports the conclusion that that price was just compensation to plaintiff.

In Error to the District Court of the United States for the Southern District of Ohio; John W. Peck, Judge.

Action at law by the C. G. Blake Company against the United States. Judgment for the plaintiff (275 Fed. 861), and defendant brings error. Affirmed.

Allen C. Roudebush, Asst. U. S. Atty., of Cincinnati, Ohio (James R. Clark, U. S. Atty., of Cincinnati, Ohio, and Howard W. Ameli, Asst. Atty. Gen., on the brief), for the United States.

Murray Seasongood, of Cincinnati, Ohio, for defendant in error.

Before DENISON and DONAHUE, Circuit Judges, and COCHRAN, District Judge.

PER CURIAM. [1] This case was tried before the district judge, without a jury. The record compels the inference that there was no written waiver of jury pursuant to R. S. § 649 (Comp. St. § 1587), and therefore that the trial was not had pursuant to R. S. § 700 (Comp. St. § 1668). There seems to have been an express waiver of jury, but it was oral, in open court, and special findings of fact and of law were made and filed by the judge. The bill of exceptions and the assignments of error present questions of the admission and exclusion of evidence; but pursuant to the citation and discussion of authorities found in our opinion in Cleveland v. Walsh Const. Co., 279 Fed. 57 (this day decided), we conclude that we must be limited to the inquiry whether the facts specially found support the judgment. However, this conclusion is less restrictive than usual, because the questions of evidence develop and merge into the same questions which arise on the interpretation of the findings. The facts are fully stated in the opinion of the District Court, found in 275 Fed. 861, and need not be now repeated.

[2] The tenth finding of facts is:

"In asking of the defendant $5.60 per gross ton the plaintiff asks the same price that it received from others in the general market, and not more but less than the prevailing market price."

This is followed by the conclusion of law that $5.60 per ton constitutes that "just compensation" which the statute contemplates. This we take to be equivalent to saying that, under the facts of this case, plaintiff's standard prices to its regular customers constituted that market value which is just compensation. The reasoning which leads to this conclusion is set out in Judge Peck's opinion, which makes clear the sense in which "market value" is used in the findings, and which we approve and adopt in this case—with only the following possible exception:

Counsel think the opinion logically leads to the conclusion that any price which plaintiff could have secured from others is a hard and fast measure of that critical market value which the owner may demand under this statute. We do not intimate that the opinion is open to that construction; but we could not go so far, as against an owner's acts and sales evidencing what he was willing to consider a fairly compensatory price, or as against some other and possible abnormal conditions not shown here.

The judgment is affirmed, with continuing interest at the statutory rate, but each party will pay its own costs in this court.